UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00198-RSE

**ANGELIA M.**                                                                                  PLAINTIFF

VS.

**FRANK BISIGNANO,**
*Commissioner of Social Security*[1]                                                     DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

The Commissioner of Social Security denied Claimant Angelia M.'s applications for disability insurance benefits and supplemental security income benefits. Claimant seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), filing a fact and law summary and brief. (DN 12; DN 13). The Commissioner responded in a fact and law summary, (DN 15), and Claimant did not reply.

The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 10).

I. Findings of Fact

Angelia M. ("Claimant") first applied for disability insurance benefits under Title II of the Social Security Act in March 2020. (Transcript, hereinafter, "Tr." 196-99). Her application was denied by the State agency Disability Determination Service in August 2020, and she did not file an appeal. (Tr. 62-79, Tr. 80-81).

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. He is automatically substituted as the named defendant pursuant to Fed. R. Civ. P. 25(d).

Claimant again applied for disability insurance benefits and additionally applied for supplemental security income under Title XVI of the Social Security Act in October 2021, with an alleged onset date of September 30, 2021. (Tr. 200-03; 204-211). She alleged disability based on asthma, bladder problems, emphysema, bronchitis, lower back pain, prolapsed uterus, and pleurisy. (Tr. 221). Claimant's applications were denied by the State agency Disability Determination Service at both the initial and reconsideration levels. (Tr. 94; 95; 96; 103).

At Claimant's request, Administrative Law Judge Stacey Foster ("ALJ Foster") conducted a hearing by telephone on August 10, 2023 (Tr. 41-61). On April 4, 2024, ALJ Foster issued a decision finding that Claimant was not disabled. (Tr. 19-33). In applying the five-step sequential analysis from 20 C.F.R. § 404.1520(a), ALJ Foster found as follows. First, Claimant has not engaged in substantial gainful activity since September 30, 2021, her alleged onset date. (Tr. 22). Second, Claimant has the following severe impairments: polyarthralgia, chronic obstructive pulmonary disease, obesity, urge incontinence, uterovaginal prolapse, mood and anxiety disorders, and trauma and stressor related disorder. (*Id.*). Third, none of Claimant's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). Fourth, ALJ Foster found Claimant has the residual functional capacity ("RFC") to perform light work with the following limitations:

> [T]he claimant cannot climb ladders, ropes, and scaffolds. The claimant can occasionally stoop, kneel, crawl, crouch, and climb ramps and stairs. The claimant should avoid concentrated exposure to pulmonary irritants.

(Tr. 25). ALJ Foster also found that Claimant can do the following:

> She can understand, remember, and carry out simple instructions and procedures that can be learned in 30 days. The claimant can maintain concentration, persistence, and pace for simple tasks involving little or no independent judgment and minimal variation. The claimant can occasionally interact with the public. The claimant can adapt to the pressures and changes of a routine work environment.

(*Id.*). Finally, ALJ Foster determined that Claimant is unable to perform any past relevant work, but can perform other work including garment sorter, folder, and inspector, each of which have or exceed 90,000 jobs nationally. (Tr. 31-32).

Claimant appealed ALJ Foster's decision, and the Appeals Council declined review. (Tr. 3). At that point, ALJ Foster's decision became the final decision of the Commissioner, and Claimant sought judicial review from this Court pursuant to 42 U.S.C. § 405(g). (DN 1).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-4 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id*. at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 495(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in

reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could support a decision as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

When the Court reviews the Administrative Law Judge's application of legal standards, the decision is reviewed for harmless error. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). Accordingly, when an Administrative Law Judge fails to adhere to the appropriate rules and regulations, remand is warranted if "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Id.* (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)).

### III. Conclusions of Law

Claimant asserts seven claims of error. The first two relate to ALJ Foster's evaluation of Claimant's subjective symptoms. The next five relate to ALJ Foster's evaluation of the medical opinions of record. The Court starts with Claimant's contention that ALJ Foster erred by failing to explain how she considered Claimant's alleged nebulizer treatments in the RFC. (DN 12, at PageID # 976). Claimant argues that because ALJ Foster failed to consider or explain how she considered the nebulizer treatments, neither Claimant nor the Court can discern why or how ALJ Foster determined that Claimant was capable of walking for a significant portion of the day or omitted additional breaks to administer her nebulizer treatments in the RFC. (*Id.*). In further support of her position, arguing that omitting the nebulizer treatments from the RFC assessment

was not harmless, Claimant points to the vocational expert's testimony on cross examination that alludes to the work preclusive effect of Claimant's treatments. (*Id.*).

In response, the Commissioner argues that ALJ Foster "reasonably explained" how Claimant's allegations regarding her chronic obstructive pulmonary disease ("COPD") related symptoms and impairments were not supported by the medical evidence. (DN 15, at PageID # 1001-02). The Commissioner contends that ALJ Foster considered Claimant's nebulizer treatments, pointing to ALJ Foster's summary at the end of the RFC analysis that Claimant's "treatment records and examinations do not provide evidence that would reasonably support a finding that the [C]laimant is as limited as alleged." (*Id.* at PageID # 1003 (citing Tr. 31)). The Commissioner adds that any error is harmless because an ALJ is only required to pose hypotheticals to the vocational expert incorporating limitations she finds credible. (*Id.* at PageID # 1002-03 (citing *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013))).

A claimant's RFC is defined as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c). Put otherwise, the RFC is the most a claimant can do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing a claimant's RFC, the ALJ must consider a claimant's subjective allegations alongside medical records and physician opinions. *Id.* (a)(3); 20 C.F.R. §§ 404.1520c, 404.1529(a). A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings that show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. § 416.929(a)-(b). If such an impairment exists, the ALJ will then

evaluate the intensity and persistence of the claimant's symptoms to determine her capacity for work based on a consideration of all available evidence. § 416.929(c). The ALJ also considers other factors relevant to the claimant's symptoms, such as daily activities, frequency of pain, and measures used to relieve pain. *Id.* (c)(3).

The ALJ's decision must include "specific reasons for the weight given to the individual's symptoms" in a "consistent" and "clearly articulated" way, so "any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 510304, at *10. An ALJ's conclusions based on subjective symptom evidence is subject to a deferential standard of review. *Hohnberger v. Comm'r of Soc. Sec.*, 143 F. Supp. 3d 694, 701-02 (W.D. Mich. 2015). However, the court will not uphold a decision if the assessment of a claimant's credibility is not supported by substantial evidence or if the ALJ's evaluation does not "build an accurate and logical bridge between the evidence and the result." *Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020); *Alston Z. v. Comm'r of Soc. Sec.*, 3:24-CV-00710-RSE, 2025 WL 2779152, at *5 (W.D. Ky. Sep. 26, 2025); *Brokaw v. Comm'r of Soc. Sec.*, No. 15-CV-13914, 2017 WL 9324475, at *4 (E.D. Mich. Sep. 27, 2017) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). The accurate and logical bridge requirement ensures that the claimant and any subsequent reviewer, such as this Court, can assess how the ALJ evaluated the individual's symptoms. *Ackles*, 470 F. Supp. 3d at 752-53; *Brokaw*, 2017 WL 9324475, at *4.

Claimant was prescribed nebulizer treatments to help treat her COPD symptoms. Claimant testified that she uses the nebulizer every four hours, day and night, with each treatment lasting "[a]bout an hour" due to its dizzying effects. (Tr. 50-51). Claimant's testimony regarding the frequency of her nebulizer use is corroborated by the medical evidence of record, prescribing

Claimant's nebulizer treatments every four hours as needed. (*See* Tr. 372; 796; 799; 809; 814; 819; 824; 888; 890; 892; 894; 896; 898; 900; 902; 904; 906; 908; 910; 912). During the hearing, the vocational expert did not testify about the effect of daily breaks for hour-long nebulizer treatments on Claimant's ability to work. The vocational expert did, however, testify on cross examination that a person who needed to leave work for treatment taking anywhere from one to six hours five days a month would not be able to hold down competitive work. (Tr. 59).

In her decision, ALJ Foster found Claimant's COPD to be a severe medical impairment. (Tr. 22). Yet, in assessing Claimant's RFC and COPD connected impairments, ALJ Foster's decision contained limited reference to Claimant's nebulizer treatments and resulting limitations. Despite reciting Claimant's testimony about the length and frequency of her nebulizer treatments, ALJ Foster did not discuss the impact of them, the corroborating medical evidence, or otherwise account for Claimant's nebulizer use in her discussion of how Claimant's COPD connected impairments affect her ability to work. (Tr. 26). As the Commissioner points out, ALJ Foster's evaluation of Claimant's nebulizer use is limited to her finding summarizing the RFC assessment that Claimant's "treatment records and examinations do not provide evidence that would reasonably support a finding that the [C]laimant is as limited as alleged." (Tr. 31).

Several courts in this Circuit have addressed an ALJ's failure to discuss a claimant's statements about the limiting effects of nebulizer treatments in the RFC. *See Townsend v. Comm'r of Soc. Sec.*, No. 3:16-CV-378-CHL, 2018 WL 283268 (W.D. Ky. Jan. 3, 2018); *King v. O'Malley*, No. 1:23-cv-00065, 2024 WL 3696479 (M.D. Tenn. Aug. 6, 2024) (collecting cases); *Palmer v. Comm'r of Soc. Sec.*, No. 1:21-cv-236, 2022 WL 4244341 (W.D. Mich. Sep. 15, 2022); *Brokaw*, 2017 WL 9324475; *Garrett v. Colvin*, No. 5:14CV1066, 2015 WL 3828260 (N.D. Ohio June 17,

7

2015). In those cases, the court's central focus is whether the statements are controverted by other evidence of record. For example, the Western District of Michigan reversed and remanded an ALJ's decision, finding it unsupported by substantial evidence, because the ALJ did not address the claimant's uncontroverted use of a nebulizer for "at least one 35-minute treatment during each 8-hour workday." *Palmer*, 2022 WL 4244341, at *4. The court reasoned that the vocational expert's testimony as to the work preclusive effect of such treatment, and claimant's undisputed need for it, warranted inclusion in the RFC. *Id.* In the Middle District of Tennessee, the court reversed and remanded an ALJ's decision because the ALJ did not discuss claimant's alleged nebulizer use "four to five times a day, for 15-20 minutes per session." *King*, 2024 WL 3696479, at *9. The court found the omission to be a legal error warranting remand, as it was "impossible for [the court] to determine to what extent, if any, the ALJ considered [claimant's] use of a nebulizer and its potential impact on his RFC." *Id.*

In contrast, courts have affirmed an ALJ's decision lacking discussion of a claimant's alleged nebulizer use when the statements were unsupported by the evidence of record. The Northern District of Ohio affirmed an ALJ's decision to omit any limitations or discussion to account for claimant's nebulizer treatment, even considering the vocational expert's testimony about its work preclusive effect. *Garrett*, 2015 WL 3828260, at *13. In *Garrett*, the court found claimant's allegations regarding the frequency of his nebulizer use inconsistent with the medical evidence, overexaggerating the frequency. *Id.* There was no evidence to support his need to use his nebulizer as frequently as alleged or at all during the workday. *Id.* Likewise in this district, the court affirmed an ALJ's decision that ignored claimant's nebulizer treatments in the RFC assessment because claimant's testimony about the frequency of her nebulizer use was

unsupported by the evidence of record and her COPD symptoms were sufficiently controlled with other medications. *Townsend*, 2018 WL 283268, at * 5.

Here, Claimant's treatment records substantiate her testimony about the frequency of her nebulizer treatments. The evidence does not substantiate her claim about the length of each treatment, but it does not contradict her either.[2] And unlike *Garrett* or *Townsend*, Claimant's nebulizer treatments are prescribed every four hours, surely impacting an eight-hour workday. Additionally, there is no indication that other medications sufficiently control claimant's COPD symptoms. To be sure, ALJ Foster's RFC assessment of Claimant's COPD related symptoms and limitations cites to numerous pieces of medical evidence rendered while Claimant was prescribed nebulizer treatments. Despite this, ALJ Foster provides no discussion about Claimant's nebulizer treatments to explain why Claimant's uncontroverted allegations and supporting medical evidence were ignored in formulating the RFC. Without discussing why Claimant's nebulizer treatments were omitted from the RFC, or why Claimant's allegations about their limiting effects were not credited, the Court cannot discern how, if at all, Claimant's nebulizer use was considered in the RFC. Thus, ALJ Foster's failure to build a logical bridge between the evidence and result prevents this Court from engaging in meaningful review.

While the Commissioner argues that ALJ Foster was not required to consider the vocational expert's testimony about the potentially work preclusive effect of Claimant's nebulizer treatments, Claimant does not suggest that ALJ Foster was required to do so. Rather, Claimant uses the vocational expert's testimony to emphasize the harmful effect of ALJ Foster's failure to account for Claimant's nebulizer treatments in the RFC. As hour-long absences five days a month are

---

[2] Nor does the Commissioner point to specific evidence of record contradicting her allegations, as the Commissioner does for Claimant's other claims of error.

potentially work preclusive, so too are hour-long absences daily. Similar evidence of record has been considered by courts tasked with reviewing claims of error based on failure to consider nebulizer use in the RFC. *See Palmer*, 2022 WL 4244341, at *4; *Brokaw*, 2017 WL 9324475, at *6 n. 9 (reversing and remanding ALJ's decision that omitted discussion of claimant's alleged nebulizer use in the RFC, noting the vocational expert testified on cross examination about the work preclusive effect of claimant's nebulizer use); *Beauregard v. Comm'r of Soc. Sec.*, No. 3:07 CV 1740, 2009 WL 961146, at *1 (N.D. Ohio Apr. 7, 2009) (reversing and remanding ALJ's decision that failed to discuss claimant's nebulizer use despite claimant's testimony that she must use it for 15 minutes four to six times a day and the vocational expert's testimony that the nebulizer would be work preclusive). The Court acknowledges that in this case, the vocational expert's testimony was not directly related to Claimant's nebulizer treatments. It does, however, shed light on the potentially preclusive effect of Claimant's nebulizer use and leads the Court to conclude that ALJ Foster's error is not harmless. *See Kimberly C. v. Comm'r of Soc. Sec.*, No. 2:23-cv-01469, 2024 WL 4052181, at *10 (S.D. Ohio Sep. 5, 2024) (finding ALJ's failure to create logical bridge in the RFC harmful because vocational expert testified that a more restrictive RFC would be work preclusive).

In omitting discussion of Claimant's undisputed nebulizer treatments and their impact on her functional ability, ALJ Foster sheds doubt on the validity of the RFC and overlooks evidence that potentially supports a more restrictive RFC or disability finding. Such an error is not harmless. Accordingly, this matter should be reversed and remanded pursuant to 42 U.S.C. § 405(g) and the Commissioner should reevaluate Claimant's RFC to consider Claimant's nebulizer treatments.

Since the Court is recommending remand on the above issue, it is largely unnecessary to

address Claimant's remaining challenges to ALJ Foster's credibility determination and evaluation of medical opinions of record. Remand will require a total reevaluation of Claimant's subjective allegations of pain, the medical opinions, and other evidence of record.

## ORDER

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **REVERSED AND REMANDED** in accordance with the findings above. This is a final and appealable Order and there is no just cause for delay.

**IT IS SO ORDERED.**


Copies:    Counsel